■ LETITIA J. O'BRIEN, Respondent-Appellant, v. THOMAS J. O'BRIEN, Appellant-Respondent.— Cross appeals from a judgment of the Supreme Court, Kings County, entered October 30, 1970 after a nonjury trial, and appeals from

three orders of the same court, as follows: Defendant appeals from so much of the judgment as granted plaintiff a separation and awarded plaintiff alimony and counsel fees; and plaintiff appeals from so much of the judgment as denied her a divorce, limited the award of alimony and support for the parties' child to $75 per week, refused to award plaintiff exclusive possession of the marital apartment together with the furniture and furnishings thereof, and failed to direct defendant to redeem plaintiff's savings account which is being held as collateral for a loan taken by defendant to purchase his automobile. One of the orders, from which plaintiff appeals, dated February 3, 1971, denied her motion to resettle the judgment. The appeals from the other two orders are by defendant; one order, dated July 15, 1970, vacated a decision of the court upon a prior trial of the action and ordered the retrial which resulted in the above-mentioned judgment; and the other order, dated April 27, 1971, granted plaintiff's motion for a counsel fee upon the appeals from the judgment. Judgment modified, on the law and the facts, by (1) deleting the fifth decretal paragraph thereof and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that the plaintiff be granted sole and exclusive possession of the marital apartment, located at 3028 Nostrand Avenue, Brooklyn, New York, together with all of the personal property, furniture and furnishings contained therein"; (2) reducing the award of a counsel fee therein to $1,500; and (3) adding the following after the sixth decretal paragraph: "ORDERED, ADJUDGED AND DECREED that the defendant forthwith pay to the plaintiff all the moneys in her savings account which was pledged as security for a loan of money applied towards the purchase of the defendant's automobile, plus all interest which accrued or would have accrued in the account; and, upon the making of such payment, the account shall be assigned to the defendant." As so modified, judgment affirmed insofar as appealed from. Appeals from the orders dated July 15, 1970 and February 3, 1971, respectively, dismissed as academic, in view of the determination herein on the appeals from the judgment. Order dated April 27, 1971 modified by reducing the award therein of a counsel fee to $500. As so modified, order affirmed. A single bill of costs is awarded to plaintiff to cover all the appeals. In our opinion, the provisions for maintenance and support will be adequate upon plaintiff's being given possession of the marital apartment and its furnishings. Furthermore, defendant should be required to pay to plaintiff all moneys, together with the interest accrued thereon, or which would have accrued thereon, in plaintiff's savings account at the time he used it as security for a loan to purchase an automobile, so as to make plaintiff whole with respect to the account. The counsel fee of $2,250 awarded to plaintiff for the trials should be reduced to $1,500; and the counsel fee of $1,000 awarded to plaintiff for the appeals from the judgment should be reduced to $500. Such reduced fees are reasonable under the circumstances of this case. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.